IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROGER LYNN BEASON, JR,

              Petitioner,        Civil No. 09-1346-TC

         v.                 FINDINGS AND
                                  RECOMMENDATION

BRIAN BELLEQUE,

              Respondent.

COFFIN, Magistrate Judge.

     Petitioner is in the custody of the Oregon Department of Corrections pursuant to a judgment dated March 6, 1998, as amended on October 5, 2001, and January 31, 2002, from the Multnomah County Circuit Court after a jury convicted petitioner of one count of Murder and one count of Murder by Abuse. Exhibit 101. Petitioner was ultimately sentenced to 25 years imprisonment without the possibility of parole or other early release.

Petitioner appealed his conviction and the Oregon Court of Appeals affirmed in part, but remanded for re-sentencing. The Oregon Supreme Court denied review. Exhibits 103 - 109.

Petitioner again appealed his convictions after re-sentencing, but the court affirmed without written opinion and the Oregon Supreme Court denied review. Exhibit 110 - 114.

Petitioner filed a First Amended Petition for Post-Conviction Relief, Exhibit 115, but the Marion County Circuit Court denied relief. Exhibit 131. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Exhibits 132 - 136.

Petitioner filed a Petition for habeas corpus relief under 28 U.S.C. § 2254 alleging four claims for relief. Petition (#2) p. 6 - 8.

Respondent now moves to deny relief and dismiss this proceeding on the ground that petitioner has defaulted his claims alleged in Grounds One (A and B), Two and Four. Response (#26), p. 6. Respondent further argues that the "Oregon state courts denied relief on all of the claims that were fairly presented to them" in decisions that are entitled to deference by this court. *Id.*, p. 11.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and

2 - FINDINGS AND RECOMMENDATION

resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (i.e., has failed to exhaust state remedies) and can no longer do so

because of a procedural bar, that claim is procedurally defaulted. _Boerckel_, 526 U.S. at 848, citing _Coleman v._ _Thompson_, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. _Edwards v. Carpenter_, 529 U.S. 446, 451 (2000), _Coleman_, 501 U.S. at 750; _see also_, Wainwright _v. Sykes_, 433 U.S. 72 (1977); _Murray v. Carrier_, 477 U.S. 748 (1986); _Hughes_ _v. Idaho Bd. of Corr._, 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." _Murray_, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." _United States v. Frady_, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. _Id_.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." _Edwards v. Carpenter_, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. _Schlup v. Delo_, 513 U.S. 298, 329 (1995); _Calderon v. Thompson_, 523 U.S.538, 559 (1998).

4 - FINDINGS AND RECOMMENDATION

Allegations of ineffective assistance of trial or appellate counsel are properly raised in post-conviction. State v. Lloyd, 109 Or. App. 213, 214 (1991), rev. denied 315 Or. 268 (1992).

In Ground One, petitioner alleges that his trial counsel was ineffective for (A) failing to properly advise him regarding the consequences of a plea offer and, (B) for failing to properly cross examine a witness. Petition (#2) p. 6. [Ground One (C) is discussed below]. These claims were alleged in petitioner's First Amended Petition for Post-Conviction Relief, but were not presented as assignments of error to the Oregon Court of Appeals or the Oregon Supreme Court.

The sole assignment of error presented in petitioner's post-conviction appeal was stated as follows: "Was petitioner's trial counsel inadequate and ineffective for failing to adequately prepare petitioner for cross-examination?" Exhibit 132, Appellant's Brief, p. 1.

Ineffective assistance of counsel claims are discrete and each particular claim must be specifically alleged or it will be defaulted. Carriger v. Lewis, 971 F.2d 329, 333-334 (9th Cir. 1992) (en banc). Therefore, the ineffective assistance of counsel claims alleged in Grounds One (A) and (B) were not "fairly presented" to Oregon's highest court.

In Ground Two, petitioner alleges that the "trial court denied petitioner's right to have every element of his crime

5 - FINDINGS AND RECOMMENDATION

found beyond a reasonable doubt in violation of his 5th, 6th
and 14th Amendment rights." Petition (#2) p. 6 - 7.

After the state rested, petitioner's trial counsel moved
for a judgment of acquittal on the count of murder by abuse
"because the chain of abuse or pattern of assault and torture
that the statute requires has not been proven in this case to
the point where any reasonable finder of fact could find it to
be credible beyond a reasonable doubt." Transcript Designation
Part B (#23) p. 813-814. Counsel also moved for a judgment of
acquittal on all counts "because there's just insufficient
evidence for the jury to find Mr. Beason guilty beyond all
reasonable doubt." *Id.* Petitioner's trial counsel did not
indicate his motion was based on federal law.

Petitioner raised an insufficiency of the evidence claim
before the Oregon Court of Appeals as a state law question of
whether the evidence presented met the statutory requirements
of the statute under which petitioner was convicted. Exhibit
103, Appellant's Brief at p. 11 - 17. The brief made no
reference to any federal or constitutional argument. The court
of Appeals denied petitioner's claim in an analysis of the
Oregon Statute and case law, and made no reference to any
federal law argument. *See*, Exhibit 107 p. 4 - 9.

In his petition for review by the Oregon Supreme Court,
petitioner cited federal case law in support of his
insufficient evidence claim. Exhibit 107, p. However, the
federal claim was not properly preserved, *see*, ORAP 5.45(1)

and therefore not presented to the Oregon Supreme Court in a procedural context where it would be considered on the merits and not properly exhausted before the state court. Castille v. Peoples, supra; Roettgen v. Copeland, supra; see also, Baldwin v. Reese, 541 U.S. 27, 32 (2004); Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005); and ORAP 9.05.

In Ground Four petitioner alleges that his "current incarceration is in violation of his rights under the U.S. Constitution's 5th, 6th and 14th Amendments and his judgment is facially invalid because the sentence is unauthorized in several respects." Petition (#2) p. 7-8. Specifically, petitioner argues that his sentence exceeds the statutory maximum authorized under the state's mandatory minimum statute. Id.

Petitioner presented this claim to the Oregon Court of Appeals as "assignment of Error #5." Exhibit 103, Appellant's Brief p. 31-33. However, petitioner raised the claim as a state law claim; he did not cite any federal or constitutional law or "federalize" the claim in any way. Accordingly, for the reasons discussed above petitioner procedurally defaulted his sentencing claim alleged in Ground Four. Moreover, petitioner did not seek Oregon Supreme Curt review of the Court of Appeals disposition of petitioner's sentencing claims. See, Exhibit 107, p. 2-3, fn. 1.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot

7 - FINDINGS AND RECOMMENDATION

"fairly present" any additional claims to Oregon's highest court.[1] Thus, he has procedurally defaulted all of the claims discussed above. Petitioner has not established any cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. According, the claims alleged in Ground One A and B, Ground 2, and Ground Four are not proper for review by this court and are should be denied.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

    1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    2.) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect

---

[1]ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court to be filed within 35 days from the date of the Court of Appeals's decision. See also, ORAP 9.05(2) (same). Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

to state convictions to the extent permissible under the law. Williams v. Taylor, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id.

In Lockyer v. Andrade, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'"   Andrade, 538 U.S. at 73. (citations omitted).

The Court further held that "under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.   The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous.   The state court's application of the clearly established law must be objectively unreasonable." Andrade, 538 U.S. at 75.

The Andrade court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily "objectively unreasonable" even if it is "clear error."   "It is not enough that a federal habeas court, in its independent review of the legal

question' is left with a 'firm conviction' that the state court was erroneous.    We have held precisely the opposite:    Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.    Rather that application must be objectively unreasonable."  Andrade, 538 U.S. at 75-76.

It is not an "objectively unreasonable application of clearly established federal law" for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

Even incorrect state-court decisions must be given deference, unless they are "contrary to" or "objectively unreasonable" applications of a Supreme Court holding. This is true even if the state courts do not fully articulate their reasoning. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) ["federal court review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law."].

Finally,  under  28  U.S.C.  §  2254(d)(2),  "[f]actual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary."  Miller -el v. Cockrell, 537 U.S. 322, 340 (2003).  The AEDPA thus sets out a "highly deferential standard for evaluating state court rulings,"

10 - FINDINGS AND RECOMMENDATION

which requires that state court decisions be given the benefit of the doubt. <u>Woodford v. Visciotti</u>, 537 U.S. 19 (2003) (per curiam), quoting <u>Lindh v. Murphey</u>, 521 U.S. 320, 333 n. 7 (1997). This is true even if the state court did not fully articulate their reasoning. <u>Delgado v. Lewis</u>, 223 F. 3rd 976, 982 (9th Cir. 2000) ("federal habeas review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law.").

Thus, the AEDPA sets forth a "highly deferential standard for evaluating state court rulings," which requires that state-court decisions be given the benefit of the doubt. <u>Woodford v. Visciotti</u>, 537 U.S. 19 (2003) (per curiam) (quoting <u>Lindh v. Murphy</u>, 521 U.S. 320, 333 n.7 (1997).

"[I]t is past question that the rule set forth in <u>Strickland</u>, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Williams v Taylor</u>, <u>supra</u> at 391. Under <u>Williams</u>, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Under <u>Strickland</u>, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that

the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

The general nature of the Strickland test combined with the deference prescribed by § 2254(d) combines to require the federal

court not to evaluate the state court's determination itself, but whether the state court's determination was unreasonable. <u>Knowles v. Mirzayance</u>, 129 S.Ct. 1411, 1420 (2009) (citing <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007).

In Ground One (C) petitioner alleges that his Sixth and Fourteenth Amendment right to effective assistance of counsel was violated because his trial counsel failed to adequately prepare petitioner for his testimony at trial.    Petition (#2) p. 6. Specifically petitioner argues that if counsel had prepared him better for his direct examination "much of the cross-examination might    have    been    eliminated    and    petitioner's    inconsistent [statements] may have been explained." *Id.*

Petitioner presented a similar claim to the state post-conviction trial court, Exhibit (#115) p. 4, and on appeal, Exhibit 132, Appellant's Brief, p. 3.  In denying relief on this claim, the PCR trial court found:

> 7.    Trial Counsel fully prepared for trial.   He held practice sessions with petitioner in which petitioner was asked some of the questions that he was likely to be asked at trial.
>
> 8.    Trial counsel raised the issue of petitioner's untruthfulness to the police on direct examination and petitioner responded that he did not tell the police the whole truth because he was scared and did not know what to do.

Exhibit 130 p. 3-4.

As noted above, the PCR trial court judgment was affirmed without opinion by the Oregon Court of Appeals, Exhibit 136, and the Oregon Supreme Court denied review Exhibit 135.

Petitioner has not presented any clear and convincing evidence

13 - FINDINGS AND RECOMMENDATION

to rebut the PCR court determination that his attorney was "fully prepared for trial." Accordingly that finding is entitled to deference by this court and is supported by the record. *See*, Exhibit 124, Affidavit of Randall Vogt.

Petitioner's argument is apparently that his attorney was constitutionally inadequate because he did not spend more time questioning petitioner about his reasons for lying to police in order to lessen the impact of the prosecutor's cross-examination in which she reviewed petitioner's multiple inconsistent stories to the police.

However, the record reflects that petitioner's trial attorney elicited from testimony from petitioner that he lied to police because he was scared and possibly to cover for the victim's mother. Exhibit 123, Transcript Designation Part B, p. 1051, 1053.

Petitioner has failed to demonstrate that his counsel's strategy for dealing with his multiple lies was unreasonable or that another approach would have been more successful (ie. that he was prejudiced by his counsel's conduct).

The PCR trial court findings that petitioner's counsel was not ineffective in his preparation of petitioner for trial testimony are entitled to deference under § 2254(d) and are supported by the record.[2]

___

[2]The record before the court supports respondent's observation that "[t]he problem with petitioner's testimony was not a lack of preparation by counsel or the manner in which counsel chose to handle the lies, but rather, the fact that petitioner continuously lied. Moreover, the central issue with petitioner's ever-changing story was that at no time was the physical evidence consistent with petitioner's version of the events." Furthermore, petitioner's

In Ground Three, petitioner challenges the manner in which the state court conducted his re-sentencing hearings. Specifically, petitioner alleges that his 6th and 14th Amendment rights were violated when the court sentenced petitioner "without him being personally present and/or on the record in open court." Petition (#2) p. 7. Petitioner also alleges that he was denied his "constitutional right of allocution." Id.

Pursuant to the Court of Appeals Opinion, Exhibit 106, the trial court conducted two hearings regarding petitioner's sentence. The first was held on July 2, 2001, and continued for 60 days. Exhibit 23, Transcript Designation Part B, Re-sentencing Vol. 1, p. 1-36. Thereafter the court held a second hearing on September 6, 2001. Id., Vol II. After hearing the arguments from the parties on their respective positions, the court requested petitioner to stand and asked if he had anything to say to the court before imposition of the sentence.. Id., ap p. 32-33. The record reflects that petitioner did not indicate a verbal response. The court then indicated that it would enter a written sentencing order and opinion. Id. at p. 33.

Subsequently, the court issued a "Sentencing Opinion on Remand." Exhibit 110, Appellant's Brief, at ER 2-4. Petitioner appealed the court's sentence alleging 1.) "The trial court erred

---

inconsistent stories came out not only through his testimony, but through the testimony of nearly every other witness presented at trial. No amount of preparation or testimony from petitioner could alter the fact that he told a number of irreconcilable alternate stories and attempted to cast the blame on others. Response to Petition (#26) p. 17

when it gave its judgment without permitting defendant to be personally present;" and 2.) "The trial court erred when it failed to pronounce sentence on the record in open court." Id, p. 1. Petitioner did not present any assignment of error relating to the actual sentence imposed to the state appellate courts. Id. The Court of Appeals affirmed petitioner's sentence without opinion, Exhibit 114, and the Oregon Supreme Court denied review. Exhibit 113.

Petitioner's denial of right to allocution claim is presumably based on the fact that the court ultimately issued a written sentencing order.

The constitutional right of allocution is the right to speak to the sentencing court "before the imposition of sentence." State v. Southards, 172 Or. App 634, 639, 21 P3d 123 (2001) (citing State ex rel Russel v. Jones, 293 Or 312, 315, 647 P2d 904 (1982). Petitioner was clearly afforded his right to do so in this case and declined the opportunity.[3]   Accordingly his claims fails as a factual matter.

Moreover, the denial of the right of allocution is not "of itself an error of the character or magnitude cognizable under the writ of habeas corpus." See, Hill v. United States, 368 U.S. 424, 428 (1962). Therefore, petitioner's allocution claim also fails as a matter of law.

_____

[3]Petitioner was also provided the right of allocution at his original sentencing.   At that time petitioner also chose not to speak to the court. Exhibit 23, Transcript Designation Part B, p. 1244.

The constitutional right to presence is rooted largely in the Confrontation Clause of the Sixth Amendment.  However, the Supreme Court has recognized that the right is protected by the Due Process Clause in some instances where the defendant is not actually confronting witnesses or evidence against him.  United States v. Gagnon, 470 U.S. 522, 526 (1985).  Specifically, the Court held that a defendant has a due process right to be present at a hearing "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defendant against the charge ... [T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only."  Gagnon, 470 U.S. t p. 526, quoting, Snyder v. Massachusetts, 291 U.S. 97, 105 - 106 (1934).

In this case, petitioner was present at the sentencing hearing where arguments were made concerning his sentence and was afforded the opportunity to speak.  The fact that the sentencing order was written and not delivered in open court to petitioner personally did not relate to "the fullness of his opportunity to defend the charge" and did not violate his due process or other constitutional right.

Based on all of the foregoing, petitioner's Petition (#2) should be denied.  This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's

judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.   Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de</u> <u>novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.  <u>See</u>, 28 U.S.C. § 2253(c)(2).*

DATED this **3** day of November, 2011.

Thomas M. Coffin
United States Magistrate Judge